**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

GARY WAYNE GARDNER
ADC #95674                                                                                              PLAINTIFF

V.                                      5:10CV00276 BSM/JTR

RAY HOBBS, Director,
Arkansas Department of Correction, et al.                                            DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the United States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

1.        Why the record made before the Magistrate Judge is inadequate.

      2.      Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the Magistrate Judge.

      3.      An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## I. Introduction

Plaintiff, Gary Wayne Gardner, who is in prison at the Cummins Unit of the Arkansas Department of Correction, has commenced this § 1983 action alleging that Defendants have violated his constitutional rights. *See* docket entry #2. Pursuant to the screening function mandated by 28 U.S.C. § 1915A, the Court recommends that the case be dismissed, with prejudice, for failing to state a claim upon which relief may be granted.[1]

---

[1] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

    The Court is mindful that when making this determination, the court must "accept as true all factual allegations in the complaint, [while] giving no effect to conclusory allegations of law." *Stalley v. Catholic Health Initiatives*, 509 F.3d 517, 521 (8th Cir. 2007). Importantly, the complaint must "assert facts that affirmatively and plausibly suggest," "above the speculative level," that the plaintiff is entitled to relief and mere conclusions or a "formulaic recitation of the elements of a cause of action will not do." *Stalley,* 509 F.3d at 521; *see also Bell Atl. Corp. v. Twombly*, 127 S.

## II. Discussion

In his Complaint, Plaintiff alleges that Defendants are violating his Eighth Amendment rights by charging him a $3.00 co-payment each time he visits the prison infirmary. *See* docket entry #2. Plaintiff contends that, as a result of this practice, he currently has a $45.00 lien on his prisoner trust account. *Id.* He also asserts that the practice is unconstitutional because he does not receive wages for his prison labor, and thus, must depend upon monetary gifts from his family to satisfy the co-payment. *Id.*

The Eighth Amendment requires prisons to provide adequate medical care to inmates. *Estelle v. Gamble*, 429 U.S. 97, 103 (1976). However, prisoners do *not* have a constitutional right to medical care free of cost. Thus, prisons may charge prisoners for medical care, so long as they are not denied medical care due to an inability to pay. *See Roberson v. Bradshaw*, 198 F.3d 645, 647 (8th Cir. 1999) (finding a county's policy of requiring inmates to pay for their medications, if they could afford to do so, was constitutional); *Blaise v. McKinney*, Case No. 98-3916, 1999 WL 486854 (8th Cir. July 12, 1999) (unpublished opinion) (holding that the state of Iowa's practice of charging prisoners a $3 co-payment for medical services was constitutional). Importantly, Plaintiff does *not* allege that he was denied medical care due to an inability to pay the $3.00 co-payment. Additionally, it is well settled that "there is no constitutional right to prison wages." *Jennings v. Lombardi*, 70 F.3d 994, 995 (8th Cir. 1995); *Hrbek v. Farrier,* 787 F.3d 414, 416 (8th Cir. 1986). Thus, Plaintiff has failed to state a constitutional violation.

## III. Conclusion

---

Ct. 1955, 1965 (2007) (abrogating the "no set of facts" standard set forth in *Conely v. Gibson*, 355 U.S. 41, 45-46 (1957)). Nevertheless, in *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007), the Supreme Court emphasized that a *pro se* prisoner's § 1983 complaint must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers."

IT IS THEREFORE RECOMMENDED THAT:

1. Pursuant to the screening function mandated by 28 U.S.C. § 1915A, this case be DISMISSED, WITH PREJUDICE, for failing to state a claim on which relief may be granted.

2. Dismissal of this action CONSTITUTE a "strike," as defined by 28 U.S.C. § 1915(g).

3. The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order and Judgment adopting this Recommended Disposition would not be taken in good faith.

Dated this 23rd day of September, 2010.

_____
UNITED STATES MAGISTRATE JUDGE