# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF ARKANSAS
## PINE BLUFF DIVISION

**GARY WAYNE GARDNER**
**ADC #95674**                                                                                                   **PLAINTIFF**

**v.**                            **CASE NO. 5:10cv00276 BSM/JTR**

**RAY HOBBS, Director,**
**Arkansas Department of Correction, et al.**                                           **DEFENDANTS**

## ORDER

The proposed findings and recommended disposition submitted by United States Magistrate Judge J. Thomas Ray and the filed objections have been reviewed. After carefully considering these documents and making a *de novo* review of the record, it is concluded that the proposed findings and recommended disposition should be, and hereby are, approved and adopted in their entirety in all respects.

In his objections, plaintiff Gary Wayne Gardner ("Gardner") maintains that the Arkansas Department of Correction ("ADC") uses the co-pay to fund a committee to report on medical services, and that such use is unconstitutional. He also asserts that he is not claiming a violation of his Eighth Amendment rights. Rather, he claims violations of the Takings Clause and his right to due process. The assertion made by Gardner that the ADC uses his co-pay to fund a committee to report on medical services does not establish a constitutional violation. The costs associated with medical services often go beyond the particular service provided, and may include studies on ADC medical services. Further, allegations of violations of the Takings Clause and his due process rights does not change

the fact that medical co-pays have been held constitutional by the Eighth Circuit Court of Appeals in *Blaise v. McKinney*, Case No. 98-3916, 1999 WL 486854 (8th Cir. July 12, 1999) (unpublished opinion).

IT IS THEREFORE ORDERED THAT:

1. Pursuant to the screening function mandated by 28 U.S.C. § 1915A, this action is DISMISSED, WITH PREJUDICE, for failing to state a claim on which relief may be granted.

2. Dismissal of this action CONSTITUTES a "strike," as defined by 28 U.S.C. § 1915(g).

3. It is CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this order and the accompanying judgment would not be taken in good faith.

4. All other pending motions are denied as moot.

Dated this 8th day of November, 2010.

_____
UNITED STATES DISTRICT JUDGE