**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

**GARY WAYNE GARDNER,**
**ADC #95674**                                                                    **PLAINTIFF**

**v.**                              **CASE NO. 5:10cv00276 BSM/JTR**

**RAY HOBBS, et al.**                                                         **DEFENDANTS**

<u>**ORDER**</u>

Plaintiff Gary Wayne Gardner ("Gardner") moves for reconsideration of the November 8, 2010 order adopting Magistrate Judge J. Thomas Ray's report and recommendations dismissing his complaint. [Doc. No. 12]. The motion is denied.

Motions for reconsideration may be granted pursuant to Federal Rule of Civil Procedure 59(e) and 60(b). Although Gardner does not state the rule upon which he relies, his motion will be liberally construed and examined under both 59(e) and 60(b) because he is proceeding *pro se*. Rule 59(e) provides, "A motion to alter or amend a judgment must be filed no later than 10 days after the entry of judgment." Fed. R. Civ. P. 59(e). "Rule 59(e) motions serve the limited function of correcting 'manifest errors of law or fact or to present newly discovered evidence.'" *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006) (quoting *Innovative Home Health Care v. P.T.-O.T. Assocs. of the Black Hills*, 141 F.3d 1284, 1286 (8th Cir. 1998)). "Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment." *Innovative Home Health Care,* 141 F.3d at 1286. "We

have repeatedly stated that '[a]rguments and evidence which could, and should, have been raised or presented at an earlier time in the proceedings cannot be presented in a Rule 59(e) motion.'" *Freeman v. Busch*, 349 F.3d 582, 589 (8th Cir. 2003) (quoting *Moysis v. DTG Datanet*, 278 F.3d 819, 829 n. 3 (8th Cir. 2002)).

Rule 60(b) states

On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Relief under Rule 60(b) is an extraordinary remedy and is justified only under "exceptional circumstances." *Prudential Ins. Co. of Am. v. Nat'l Park Med. Ctr., Inc.*, 413 F.3d 897, 903 (8th Cir. 2005) (quoting *Watkins v. Lundell,* 169 F.3d 540, 544 (8th Cir.1999)).

In his motion, Gardner maintains that his position was misstated in the order adopting Magistrate Judge Ray's report and recommendations. The order states, ". . . [Gardner] maintains that the [ADC] uses the co-pay to fund a committee to report on medical services, and that such use is unconstitutional." Gardner now argues that, in fact, the co-pay is not being used to fund the ADC committee because such a committee was never formed. He states that prisoners are paying the co-pay and receiving nothing in return. Additionally, he

2

references language contained in a motion to dismiss filed by defendants in *Holloway v. Magness*, Case No. 5:07cv00088 JLH/BD, Doc. No. 36.  In the *Holloway* motion, defendants state, "The medical co-pay system does violate the Fourteenth Amendment." *Holloway*, Doc. No. 36, ¶ 6.

Even if a committee to report on medical services was never formed, the medical co-pay is constitutional.  The medical co-pay is applied when medical services are rendered. It may be applied to the formation of a committee to report on medical services or to some other cost associated with the medical services.  As stated in the order adopting the report and recommendations, the Eighth Circuit Court of Appeals has held medical co-pays constitutional.  Furthermore, the statement contained in the *Holloway* motion contains a typo. If the statement is read in combination with the brief in support accompanying the motion, it is clear that defendants intended the statement to read, "The medical co-payment system does *not* violate the Fourteenth Amendment."

Accordingly, Gardner fails to present anything to support relief under Rule 59(e) or 60(b).  Gardner's request for reconsideration is denied.

IT IS SO ORDERED this 1st day of December, 2010.


_____
UNITED STATES DISTRICT JUDGE